Good morning, Your Honors. David Zugman on behalf of Mr. Orogo-Haro. I will avail myself to that two minutes for rebuttal. Your Honors, when I first got the government's response brief, I thought I screwed the case up. I thought, oh no, there really is a second round of removability. But when I went back and reviewed the record, what became clear is that when Mr. Orogo-Haro appeared before the I.J. for the first time, I.J. said, crime violence, at the very least crime of abuse, active, active, active. That was the I.J.'s finding. Mr. Orogo-Haro appeals that to the B.I.A. And of course, his verbiage is not very clear, but he does say, look, I can't be deported because my crime does not involve violence. And the B.I.A. agrees with him, but only takes that as it pertains to the first round of removability and doesn't apply it to the second. Now, it is clearly applicable to the second. It is the exact same argument as to why it's not a crime of child abuse because it's not an active crime that he was convicted of. Respondent's position is, well, if it's not a crime of child abuse, then it's a crime of child neglect. However, that's not what he was convicted of. What he was convicted of is child endangerment. And I'm not drawing just a fine distinction that doesn't exist in the law. California is very clear that when you have a crime of neglect, you have to have a harm that results. But didn't the I.J. rather clearly make the alternative findings? And the B.I.A. obviously thought so because while it plainly said there wasn't a crime of violence, it nevertheless found removability, which had to have been based upon the alternate ground, sent it back to the I.J. who proceeded on the assumption that the petitioner was removable and went right to whether there was an excuse for it. Well, the way I read the record is that when the B.I.A. considered Mr. Oroguharo's appeal, they didn't look at the second. They considered the second ground to be conceded. They said, well, his challenge only goes to the first round as whether this is a crime of violence. So we're not going to address whether the second round of removability. And when it goes back to the I.J., it's never addressed whether this second round of removability is valid or not. And the argument here was, I mean, to the B.I.A., it never was on round two either. Well, it's not clear whether it was on ground two because, you know, Mr. Oroguharo Round two. Not a particularly educated man. What he wrote was not very clear. He just said, look, this is not a crime of violence. This crime does not involve violence. And I can't be removed on that basis. And he doesn't specify whether that pertains to count one or count two. Now, obviously, because he was convicted of the aggravated, because he was considered to have been convicted of an aggravated felony, that's what the I.J. had found. I mean, in the first hearing, I.J. says, this is an aggravated felony. And he also agrees with the government's analysis that if it's not a crime of an aggravated felony, it's at the very least a crime of domestic violence, child abuse, or child neglect. But it's none of those things. It isn't. The problem is that that wasn't ever argued. That's the pickle. Well, yeah, but I think there's a way to get through that pickle. And the reason is this. When Mr. Oroguharo says, my crime is not a crime of violence, that is true with respect to the aggravated felony aspect. But it's also true with respect to whether it's a crime of domestic violence, a crime of child abuse, or a crime of child neglect. Now, there's two ways. I think you should just go with the general rule that pro se pleadings are liberally construed. And he's about as pro se as pro se gets. And his argument is equally applicable to ground two. Now, if I don't convince you with that, then there's the alternative rationale, which I think I explained from Baldwin versus Reese, where the Supreme Court intimated that when you have something that involves an identical argument, and that's, of course, in a habeas context, one ground of exhaustion, if it's an exact mirror with respect to another ground, then you raise the argument by bringing against the crime of violence. Like in the habeas context, somebody says, oh, I was tortured in violation of the California Constitution. And it turns out California's Constitution has the exact same protection as the Eighth Amendment. So that when you raise California Constitution, you are raising an identical argument to the Federal Constitution. Now, this Court hasn't adopted that construction of Baldwin versus Reese yet, but the Sixth Circuit has in a case called Jackson. I mean, that's cited in my papers. But I think it's a good rule. I think it's, I mean, it just, it's the normal transitive property of equality. You know, it's a simple mathematical argument, which is, if your argument is, my crime is not a crime of violence because it doesn't involve any active use of force, that rationale as to why it's not an aggravated felony is the same, the exact same rationale as to why it's not a crime of child abuse, domestic violence, or a crime of child neglect. Now... But, but, Counsel, when this was appealed to the Board of Immigration Appeals, it was all focused on the domestic violence. There was no discussion of the child abuse, at least as far as I can find in the record, or the child neglect. Do you agree with that? Oh, absolutely. Okay, so given that fact, what, where in the record has this petitioner exhausted his administrative remedies with respect to this first issue, the child abuse, child neglect, as opposed to the domestic violence? Well, I mean, that's, that's the two sides of the pickle that I was just speaking of, which is, you know, I think that if you construe his argument as being, look, I'm not deportable because I didn't commit a crime of violence, that argument is equally applicable as to why it's not a crime of child abuse, child neglect, because those things require a mens rea that is not the mens rea of the crime he was convicted of. Okay, well, let's take a second part then. In your opening brief, I don't believe you mentioned the child abuse or the child neglect. You focused on the other. Doesn't that constitute a waiver of that particular argument on appeal? Well, here's how I viewed it. When I read the administrative record, it was very clear to me that the IJ had found, had found, the basis of the IJ's ruling was, look, this is a crime of violence. This was an aggravated felony involving the use of force. That was the IJ's finding. And then he adopted the ancillary finding of, I also agree with the government that this is a crime of domestic violence, child abuse, or child neglect. Now, it seems to me clear that if you're saying this is an active crime, that when you adopt the second, when you're considering the second finding, then you're saying that this is a crime of domestic violence or child abuse. You can't be saying it's a crime of child neglect, because that's an indirect use, you know, application of force. If it's going to, if it can fit into the crime of violence, you know, category, that means the only two it could fit into for the second round of removability is domestic violence and child abuse. It cannot be child neglect. And it just seemed to me pretty obvious that those are mutually exclusive categories. And the IJ can't find, you know, removability on contradictory grounds. I mean, it can't be you both did X and you didn't do X. It has to be one or the other. That still doesn't address the issue, does it, Counsel, of the, your opening brief did not address the child abuse and the child neglect. Doesn't that constitute waiver? I don't think it does, because I believe that the ground that the IJ's analysis, what the IJ actually found is what I disputed. This second hypothetical ground of removability could not have been found by the IJ. The IJ couldn't find that it's child neglect, because he found that it was an act of crime. So that is a hypothetical basis. I hear what you're arguing, and I admire your ingenuity. But I simply point out that when you appeal for your client, you have the burden to raise the issues that you believe would carry you to the promised land. If you don't raise them, you waive them, do you not? Correct. And if I believe that the IJ's finding was this is also a crime of child neglect as a, it is a crime of child, aggravated felony, domestic violence, child abuse, and child neglect, all those things, one of those cannot fit. So I didn't believe that that could be a ground of removability. Now, if the court finds this is the ground, and that that was clearly the IJ's finding, then yeah, you're right, I lose. But I don't think that that's what the IJ found. I think that is a finding in the alternative which contradicts the IJ's actual reasoning. So I just don't see how that could be the basis. So you wanted to reserve some time? Yeah, I'll reserve a minute, I suppose. Thank you. Mr. Evans. May it please the court, my name is Manning Evans. I represent the government in this matter. Based on a heinous crime to which Petitioner was a party, he was charged and found removable under the immigration provision that makes convictions for child abuse and child neglect removable offenses. No question regarding this ground of removability is properly before the court, nor has Petitioner challenged any issue regarding relief from removal. The issues regarding the ground of removal are both waived and exhausted. I'm sorry, are neither waived, I'm sorry, they are waived and alternatively they have not been exhausted. I would point out that the IJ himself did not rule out child neglect as a theory of removal under 237A6E. At page, I believe it's 270 of his decision, he simply adopts the government's arguments as to why the Petitioner is removable under that provision. He adopts the government's arguments that appear at page 303 of the administrative record. The government's arguments are adequately set out in Respondent's Brief. Unless the court has further questions, the government would submit the matter on the brief and ask the court to deny the petition for review. I just want to ask you one very brief question and that's the reverse of what I ask your opposing counsel. He's raised the question, this was a pro se situation, he didn't speak English very well, but when he wrote to the BIA, he said Respondent's criminal conviction is not an aggravated felony and he cannot be removed based on that conviction. Respondent conviction, I'm reading it exactly as he wrote it, Respondent conviction does not have elements of violence. Under the circumstances and the requirement that we're supposed to read the appeal liberally, wasn't he trying to encompass the larger universe of what he had been charged with along the lines of what your opposing counsel indicated? I don't believe so, Your Honor. I don't think that that covers child neglect as the easiest answer to that question. I would also point out, if I may turn to the record for a moment. At page 214 of the record, the Respondent makes clear that he's asking for a remand for further proceedings for the court to hear his application for cancellation of deportation, as he puts it. So the petitioner, granted a pro se litigant, basically recognizes that his aggravated felony ground of removal precludes relief, but he's got a shot at relief if he can knock out the aggravated felony ground of removal. That's what he's trying to do. He's not raising the challenge to the other ground. If we were to be able to get out of the pickle, as the defense counsel argues, do you, what do you make of his argument that child neglect does not, child endangerment under California law doesn't rise to the level of child neglect? Well, I think the most important thing to consider here is that the BIA hasn't considered that in this case. And I'm really not in a position, I'm not the expert. If we were to construe this liberally, and construe his appeal liberally and forgive his counsel for not raising it in the blue brief, do some way, this, you would be asking for a remand for the BIA to construe either the, the California statute under either the Taylor, the Taylor modified approach, looking at the documents or, or otherwise, categorically. Yes, Your Honor. If the court finds that the issue's been exhausted and that it hasn't been waived, then the remaining step, I believe, is for the court to remand. And the government asked for that in a footnote. I don't recall the number. And, of course, the first question for the BIA would be, how do you define these provisions in the Immigration Act? And then the second question would be whether or not those criteria have been met. I'm not aware of any case particularly on this statute. No, Your Honor. And I submitted a 28-J letter pointing out another case where the court has actually sent a case back to the board, I believe, in a matter where the question of the definition of child abuse was properly raised. And this court asked the board for a, a, a presidential decision on that issue. I think I was on that panel. I'm sorry. Thank you. If the court has nothing further, I'll submit it. Thank you very much. Thank you, Mr. Evans. Mr. Zegman. Just really briefly, if, the IJ's reasoning was indisputably that this was a crime of violence. That, that was his finding. And he adopted the government's reasoning that, you know, for ground two, this is a crime of child abuse, domestic violence, or child neglect. Now, those are exclusive categories. They cannot be all three. You cannot commit a crime that is both indirect and direct. So, unless you're going to allow the IJ to make contradictory hypothetical findings, Mr. Oregohara's argument is, look, it's, it wasn't a crime of violence. And if we're going to reach the second round of removability, I urge you to accept the government's invitation and remand the matter to the BIA in the first instance to decide whether this conviction really is, you know, a crime of child abuse or neglect. But to some degree, you're contradicting yourself, aren't you, counsel? Because on the one hand, you were saying that, that we should give your client a break because he's pro se, and he doesn't understand the technicalities. And he was really trying to raise the whole universe, which of course would include child abuse, child neglect. You go back, he doesn't raise those. You don't raise it in your, in your opening brief. It's kind of hard to have it both ways, I think. Oh, to say that if he indeed actually raised it and exhausted it but didn't argue it distinctly in the opening brief, then that would constitute a waiver. Yeah, I mean, certainly you could read it that way. But don't make me go through a pro bono brief that way. I mean, I'd say that would be a tough thing to have in my conscience. So I think he did sufficiently raise the issue. Thanks, Your Honor. Thank you. Thank you, counsel. The matter just argued will be submitted, and we'll next hear argument in United States v. Espinoza-Pareda.
judges: Rymer, Wardlaw, Smith